UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

BEATRICE COOMER, TARIN COX,
LINDSEY CULVER, BRITTANY DAVEY,
TINA EDWARDS, ALISHA GARCIA,
BRITTANY GREGORY, DEJONAE HAWKINS,
COURTNEY HUFF, ROXANNE HUMPHREY,
JESSICA JAGGER, MARY JOHNSON,
ASHLEY LAMES, JULIE LAWSON,
TABATHA RUDOLPH, ASHLEY SANTIAGO,
APRIL SNYDER, AMANDA WATERS,
VICTORIA WIMP, and CARRIE WISEMAN
    *Plaintiffs*,

    V.        CASE NO. NA 99-
                JURY TRIAL DEMANDED

JAMIE NOEL, in his individual
and official capacity as Clark County Sheriff,
DAVID LOWE, and
UNNAMED OFFICERS OF THE CLARK
COUNTY SHERIFF'S DEPARTMENT,
in their individual and official capacities
    *Defendants*.

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs by Counsel Bart M. Betteau and William P. McCall III and for their Complaint state as follows:

## INTRODUCTION

1. This action arises from an incident occurring on October 24, 2021, where multiple female inmates of the Clark County Jail were assaulted by male inmates who were allowed into the female area of jail. The males threatened, assaulted, and raped the females over the course of multiple hours. The male inmates gained access to the females pods through use of a key

provided by corrections officer David Lowe. As a direct and proximate cause of the actions of Defendants, Plaintiffs suffered horrific physical and psychological injuries.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

3. This court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1391.

4. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under Indiana state law. Plaintiffs issued a notice of tort claim, incorporated herein by reference and attached as Exhibit "A". Said Claim was denied by law on January 5, 2021.

5. Plaintiffs seek actual, compensatory, and punitive damages from the Defendants under 42 U.S.C § 1983, for violations of their rights, privileges, and immunities guaranteed by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States.

## PLAINTIFFS

6. At all times relevant to this Complaint, Plaintiff Beatrice Coomer was incarcerated at the Clark County Jail.

7. At all times relevant to this Complaint, Plaintiff Tarin Cox was incarcerated at the Clark County Jail.

8. At all times relevant to this Complaint, Plaintiff Lindsey Culver was incarcerated at the Clark County Jail.

9. At all times relevant to this Complaint, Plaintiff Brittany Davey was incarcerated at the Clark County Jail.

10. At all times relevant to this Complaint, Plaintiff Tina Edwards was incarcerated at the Clark County Jail.

11. At all times relevant to this Complaint, Plaintiff Alisha Garcia was incarcerated at the Clark County Jail.

12. At all times relevant to this Complaint, Plaintiff Brittany Gregory was incarcerated at the Clark County Jail.

13. At all times relevant to this Complaint, Plaintiff Dejonae Hawkins was incarcerated at the Clark County Jail.

14. At all times relevant to this Complaint, Plaintiff Courtney Huff was incarcerated at the Clark County Jail.

15. At all times relevant to this Complaint, Plaintiff Roxanne Humphrey was incarcerated at the Clark County Jail.

16. At all times relevant to this Complaint, Plaintiff Jessica Jaggers was incarcerated at the Clark County Jail.

17. At all times relevant to this Complaint, Plaintiff Mary Johnson was incarcerated at the Clark County Jail.

18. At all times relevant to this Complaint, Plaintiff Ashley Lames was incarcerated at the Clark County Jail.

19. At all times relevant to this Complaint, Plaintiff Julie Lawson was incarcerated at the Clark County Jail.

20. At all times relevant to this Complaint, Plaintiff Tabatha Rudolph was incarcerated at the Clark County Jail.

21. At all times relevant to this Complaint, Plaintiff Ashley Santiago was incarcerated at the Clark County Jail.

22. At all times relevant to this Complaint, Plaintiff April Snyder was incarcerated at the Clark County Jail.

23. At all times relevant to this Complaint, Plaintiff Amanda Waters was incarcerated at the Clark County Jail.

24. At all times relevant to this Complaint, Plaintiff Victoria Wimp was incarcerated at the Clark County Jail.

25. At all times relevant to this Complaint, Plaintiff Carrie Wiseman was incarcerated at the Clark County Jail.

## **DEFENDANTS**

26. Defendant Jamie Noel at all times material to this action was the duly elected and acting Sheriff of the County of Clark, State of Indiana. He was responsible for the conditions in the Clark County Jail and for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of the officers and employees of the Sheriff's Department and Jail.  Noel is named both individually and in his official capacity.

27. Former jail officer, David Lowe, was an employee of the Clark County Sheriff's Department and was responsible for the safety, supervision and care of Plaintiffs.

28. Unknown Defendant Jailers were employees of the Clark County Sheriff's Department and were responsible for the safety, supervision and care of Plaintiffs.

29. At all times material to the allegations in this Complaint, all defendants were acting in their official capacities and were acting under color of state law.

## FACTUAL ALLEGATIONS

30. Upon information and belief, jail officer David Lowe provided male inmates with keys to access the female pods in the jail.

31. On October 24, 2021, at approximately 11:30 pm, two male inmates used the keys to enter each of the female pods.

32. The two male inmates threatened the females, including threats to kill them, if they "hit the button" to call for the officers. They advised that they were going to leave but would be back.

33. The two male inmates returned with several more male inmates who wore towels and blankets covering their heads and faces.

34. The male inmates grabbed and groped the female inmates, exposed their genitals to the females, and made sexual and threatening statements.

35. At least two of the female inmates were raped.

36. After multiple hours, a female inmate hit the emergency button and began screaming to call for the correction officers. The male inmates retreated.

37. After all of the male inmates left the female pod, a corrections officer opened the door and turned on the lights.

38. The officer advised the females that they lost their "dark" privileges, and the lights remained on in the female pods for the next 72 hours.

39. Over the next several days, the female inmates were put on lockdown and taken to holding cells to be questioned.

40. The following Saturday, at approximately 8:30 am, the corrections officers returned and "shook down" the female inmates. Officers removed the females' personal items, including razors, pillows, blankets, colored pencils, etc.

## COUNT 1 – CONSTITUTIONAL VIOLATIONS
## PURSUANT TO 42. U.S.C. § 1983 BY DEFENDANT JAMIE NOEL

41. Plaintiffs reallege and incorporate herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

42. The Civil Rights Act, 42 U.S.C., provides for civil liability under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

43. 28 USC §1983 and § 1343(3) prevent deprivations under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to Inmates by the Constitution of the United States.

44. Defendant Sheriff Jamie Noel, in his official capacity, is liable under 42 U.S.C. § 1983 and the United States Constitution for Plaintiffs' injuries which were proximately caused by the customs, policies and/or practices constituting intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which resulted in unconstitutional conduct of his agents, officers and/or employees.

45. As the Clark County Sheriff, Defendant Jamie Noel was the policymaker and decision-maker for the Clark County Jail. As such, he had oversight responsibility for ensuring that inmates were protected and not subject to abuse.

46. Defendant Noel had a duty to ensure that the treatment of inmates was in compliance with the United States Constitution, the Indiana Constitution and Indiana Law.

47. Defendant Noel, in his capacity as Sheriff, had the obligation, power and authority to

adopt policies and prescribe rules, regulations and practices for officers of the Jail to protect inmates and prevent their abuse.

48. Defendant Noel acted in supervisory capacity over Lowe and the other unnamed defendant-officers who were working at the jail at the time of incident.

49. Defendant Noel, through both the creation of policies and omission of policies, failed to create necessary and proper polices to protect Plaintiffs and prevent their abuse.

50. Defendant Noel failed to establish, maintain and enforce proper procedures for the monitoring of inmates at the jail, either by personal contact or video surveillance.

51. Defendant Noel failed to establish, maintain and enforce appropriate procedures for officers to intervene when confronted with another officer's misconduct.

52. The risk of constitutional violations was so high and the need for training so obvious that Defendant Noel's failure to act reflected deliberate indifference, allowing an inference of institutional culpability.

50. In fact, Defendant Noel adopted policies, procedures, practices or customs that allowed Plaintiffs to be abused.

53. Defendant Noel allowed Defendant Lowe and other Unnamed Officers to be employed as correction officers without adequate supervision, training, and discipline which created a likelihood that substantial violations of the constitutional rights of the public, and in particular Plaintiffs, would occur.

54. Defendant Sheriff Jamie Noel allowed Defendant Officers Lowe and other Unnamed Officers to be employed without adequate training, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Plaintiffs, would occur.

55. Defendant Noel failed to train deputies and jail officers, including David Lowe and

other Unnamed Officers, as to proper procedures to secure the safety of prisoners by control of the keys, security doors, by use of personal contact or video surveillance.

56. Noel failed to properly train officers as to their obligations to intervene and report other officer's misconduct.

57. Defendant Sheriff Jamie Noel allowed Defendant Officers Lowe and other Unnamed Officers to be employed in the manner described above without adequate supervision, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Plaintiffs, would occur.

58. Defendant Noels' failure to create proper policies was objectively unreasonable and demonstrated allegations of a conscious or callous indifference to a prisoner's rights, deliberate indifference for the rights of inmates, and in particular Plaintiffs', constitutional rights.

59. As a result of the foregoing, Plaintiffs were deprived of their rights to due process secured by the Fourteenth Amendment guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C § 1983.

60. As a direct and proximate result of Defendant Noel's acts and omissions, Plaintiffs suffered injuries.

## COUNT II - 42 U.S.C. SECTION 1983: OFFICER DAVID LOWE

61. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

62. While acting under color of law, and pursuant to the custom, policies and/or procedures created by Defendant Noel, Defendant Lowe knowingly, intentionally and/or with deliberate indifference and gross negligence deprived Plaintiffs of their rights, privileges and immunities secured by the United States Constitution, the Fifth, Thirteenth, and Fourteenth Amendments to

the United States Constitution.

63. Additionally, unknown Clarksville or Clark County Sheriff's Department officers may be named should it be revealed that they participated and / or failed to intervene or protect Plaintiffs.

64. Plaintiffs' injuries were a direct and proximate result of the aforementioned violations of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by Lowe.

### COUNT III - 42 U.S.C. SECTION 1983: UNNAMED OFFICERS

65. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

66. Unnamed officers acted in supervisory capacity over Defendant Lowe and impliedly authorized, approved, or knowingly acquiesced Lowe's unconstitutional.

67. Unnamed officers failed to intervene conduct while Lowe deprived Plaintiffs of their constitutional rights.

68. While acting under color of law, and pursuant to the custom,s policies and/or procedures created by Defendant Noel, Defendant Lowe knowingly, intentionally and/or with deliberate indifference and gross negligence deprived Plaintiffs of their rights, privileges and immunities secured by the United States Constitution, the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution.

69. Additionally, unknown Clarksville or Clark County Sheriff's Department officers may be named, should it be revealed that they participated and/or failed to intervene or protect Plaintiffs.

70. Plaintiffs' injuries were a direct and proximate result of the aforementioned

violations of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by Lowe.

## VICARIOUS LIABILITY: SHERIFF JAMIE NOEL

67. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

68. A governmental agency is subject to vicarious liability for the torts of its officers, employees or agents while engaged in a non-governmental function or activity, during the course of employment and within the scope of authority.

69. The intentional use or misuse of the badge of governmental authority by its officers, employees or agents, for purposes unauthorized by law is non-governmental function or activity.

70. While violating Plaintiffs' rights as described above, Defendant Lowe was engaged in the intentional misuse of the badge of their governmental authority for purposes unauthorized by law.

## PENDENT STATE LAW CLAIMS

71. Plaintiffs invoke the Pendent law jurisdiction of this Court to bring this claim and incorporate herein by reference the allegations set forth in preceding paragraphs to this complaint.

### *Respondent Superior*

72. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

73. Defendant David Lowe and other unnamed deputy sheriffs were employees of Defendant Jamie Noel and as such, Defendant Noel is responsible for the negligent acts of defendant's employees under the doctrine of *respondeat superior*.

74. The deprivation of Plaintiffs' rights was due to the negligence of Defendants Jamie Noel, David Lowe and Unnamed Officers in failing to provide adequate supervision and security to protect plaintiffs from the acts complained of.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

76. Defendant Lowe and Unnamed Officers' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiffs.

77. Defendant Lowe and Unnamed Officers' conduct constituted the tort of intentional infliction of emotional distress as against Plaintiffs.

## COUNT V: WRONGFUL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

79. Because of the actions of Defendant Lowe and Unnamed Officers, Plaintiffs sustained a direct impact and by virtue of the direct impact, Plaintiffs suffered serious emotional trauma which would normally be expected to occur to a reasonable person.

80. Defendant Lowe and Unnamed Officers' conduct constituted the tort of wrongful infliction of emotional distress against Plaintiff.

## COUNT VI: NEGLIGENCE

81. Plaintiffs reallege and incorporate herein, by reference, the allegations set forth in the preceding paragraphs of this Complaint.

82. Plaintiffs were entitled to the duty of due care owed by Defendant Lowe and Unnamed Officers.

83. On or about said date, Defendants breached the duty of due care owed to Plaintiffs in that Defendants negligently subjected Plaintiffs to injury, harm and damage.

84. In committing the aforementioned acts, Defendants' breach of duty was negligent and caused Plaintiffs to suffer injury.

## DAMAGES

85. As a direct and proximate result of the afore detailed actions of Defendants, Plaintiffs suffered horrific injuries.

86. The damages for which Plaintiffs seek compensation include, but are not limited to, the following:

   a. Physical and emotional pain and suffering;

   b. Loss of enjoyment of life;

   c. Psychological care expenses;

   d. Loss of earning capacity;

   e. Punitive damages;

   f. Attorneys fees and cost of this action;

   g. Pre and Post judgment interest;

   h. All other relief, both general and specific, two which he may be entitled under the premises.

87. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. Award full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended.

2. Award Plaintiff punitive damages in an amount sufficient to deter Defendants from the conduct complained herein.

3. Award Plaintiff reasonable attorney fees incurred as a result of this litigation.

4. Pre and Post Judgment interest

5. For all other necessary and proper relief in the premises.

**DEMAND FOR TRIAL BY JURY**

Come now Plaintiffs, by Counsel, and demand trial by jury.

Respectfully submitted,

/s/ Bart M. Betteau
Bart M. Betteau (#16647-46)
Betteau Law Office, LLC
1212 State Street
New Albany, IN 47150

/S/ William P. McCall, III

William P. McCall, III
Attorney No. 14159-10
332 Spring Street
Jeffersonville, IN  47130
Telephone: (812) 282-9000