UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BEATRICE COOMER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00079-TWP-DML |
| | ) | |
| JAMIE NOEL in his individual and official | ) | |
| capacity as Clark County Sheriff, | ) | |
| DAVID LOWE, | ) | |
| UNNAMED OFFICERS OF THE CLARK | ) | |
| COUNTY SHERIFF'S DEPARTMENT in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ADDRESSING REQUEST
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Pro se defendant David Lowe has filed his answer to the complaint. Dkt. 18. Within the answer, Mr. Lowe requests a public defender. *Id.* The Court advises Mr. Lowe that if a party seeks action by the Court, the filing must include the word "motion" in the title, and the motion should state the specific action the party seeks. Local Rule 7−1(a) requires motions to "be filed separately," meaning multiple requests may not be contained in a single motion. It also requires motions to "not be contained within a brief, response, or reply to a previously filed motion." Submissions not titled as motions, such as letters, declarations, affidavits, or other documents, will not show as pending on the Court's docket and will not be considered to be filings that require response or action from the Court.

The Court does not consider Mr. Lowe's filing as a proper motion. To assist Mr. Lowe is properly requesting pro bono counsel, the Court provides the following information so that Mr. Lowe may file a motion for assistance with recruiting counsel, if he so chooses.

Public defenders are assigned only in criminal cases. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every *pro se* case. *See Watts v. Kidman*, -- F.4th --, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent [party] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [party] appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the party, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the [party's] literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the [party's] intellectual capacity and psychological history.'" *Watts*, No. 21-1055, -- F.4th --, 2022 WL 3038877, at *3 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the [party's] apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

Mr. Lowe has not provided any information that would enable the Court to determine the merits of a request for pro bono counsel. The **clerk is directed** to send Mr. Lowe a motion for assistance recruiting counsel form and a motion to proceed *in forma pauperis* form, which he must use if he chooses to file a motion for assistance with recruiting counsel

**IT IS SO ORDERED.**

Date: 8/12/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID LOWE
8145 Berkshire Pointe Dr.
New Salsbury, IN 47161

All Electronically Registered Counsel