UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BEATRICE COOMER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00079-TWP-KMB |
| | ) | |
| JAMIE NOEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AND

| | | |
|---|---|---|
| JANE DOE 1-8, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00094-SEB-KMB |
| | ) | |
| JAMEY NOEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

Pro se defendant David Lowe has filed a "Motion for Protective Order Prohibiting the Parties, Counsel, Law Enforcement Officials and Court Personnel from Disseminating Information or Releasing any Extra-Judicial Statements by Means of Public Communication." [Dkts. 40 (4:22-cv-79); 42 (4:22-cv-94).][1] In essence, Mr. Lowe seeks a gag order banning all Parties from making any comments to the media about these cases for the duration of the two civil cases. Defendant Jamey Noel and Plaintiffs oppose the motion. [Dkts. 51; 52.] For the following reasons, the motion is **DENIED**.

---

[1] Because Mr. Lowe's request is the same in both cases, Plaintiffs filed a joint response in opposition, and Defendant Noel's response is identical in both cases, the Court will refer to the docket entries in cause 4:22-cv-79 for the remainder of this Order.

I.      BACKGROUND

These civil rights actions arise from a series of events at the Clark County Jail ("the Jail") from the late evening of October 23 through the morning of October 24, 2021. Plaintiffs allege that Mr. Lowe, who at the time was a correctional officer at the Jail, sold a key to the jail to a male detainee for $1,000. Several male detainees used the key to enter the pods housing female detainees, where they allegedly proceeded to rape, assault, harass, and intimidate Plaintiffs.

On October 25, 2021, Mr. Lowe was charged with one count of Felony Aiding, Inducing, or Causing Escape, one count of Felony Official Misconduct, and one count of Misdemeanor Trafficking with an Inmate. *See Lowe v. State*, Case No. 10C01-2110-F5-000262 (case summary available at mycase.in.gov). According to the case summary, Mr. Lowe's criminal charges are pending, and a jury trial is scheduled to take place in June 2023. *Id.* (last accessed Feb. 2, 2023).

Given the nature of Plaintiff's allegations in these civil lawsuits, the Parties all represent that there has been significant coverage in the media. [Dkt. 40 at 1; Dkt. 52 at 2.] Mr. Lowe believes that this media attention and statements made by the Parties will deprive him of a fair trial. [Dkt. 40.] He attaches two documents in support of his motion. [Dkt. 40-1.] The first is a news article from August 15, 2022, titled "Clark County Democrats call for sheriff's resignation after 28 women allege sexual assault inside jail." [Dkt. 40-1 at 1-5.] Larry Wilder, an attorney for Sheriff Noel who does not represent him in these cases, is quoted in the article as stating, "You can't control a criminal inside your organization as to the sheriff's department because you don't know you've hired someone who is a criminal. . . [Lowe] had resigned. . . . and he was leaving the facility." [*Id.* at 3.]

The second document Mr. Lowe submits consists of printouts from a website that Sheriff Noel created called "Clark County Facts," in which Sheriff Noel seeks to disprove the allegations

2

made in these civil actions. [*Id.* at 6-21.] The portions related to Mr. Lowe state that he allegedly accepted money in exchange for providing a key and was subsequently arrested. [*Id.* at 12-13.] The website also describes certain statements that Mr. Lowe made during an interview with law enforcement officers and a surveillance video in which he appears. [*Id.* at 13, 17.]

Defendant Jamey Noel and Plaintiffs oppose Mr. Lowe's protective order request. [Dkts. 51; 52.] They assert that it is well established that a court should restrict the speech of lawyers and litigants only when the comments in question pose a serious and imminent threat of interference with the fair administration of justice. [Dkts. 51 at 3 (citing case law); 52 at 3 (citing caselaw).] They further contend that any concerns related to media attention can be managed through a robust *voir dire* process to ensure an impartial jury is seated. [Dkts. 51 at 3; 52 at 3.]

## II. DISCUSSION

"[G]ag orders warrant a most rigorous form of review because they rest at the intersection of two disfavored forms of expressive limitations: prior restraints and content-based restrictions." *In re Murphy-Brown, LLC*, 907 F.3d 788, 796-97 (4th Cir. 2018). A court order that forbids speech activity is a "classic example" of a prior restraint. *Alexander v. United States*, 509 U.S. 544, 549 (1993)). Prior restraints bear a heavy presumption against their constitutional validity. *In re Murphy-Brown, LLC*, 907 F.3d at 797. Gag orders are also content based because they target "particular speech because of the topic discussed or the idea or message expressed." *Id.* (quoting *Reed v. Town of Gilbert, Arizona, et al.*, 576 U.S. 155, 163 (2015)). Any content-based restriction is justified only if the restriction is "narrowly tailored to serve compelling state interests." *Reed*, 576 U.S. at 163.

The right to a fair trial is of course a compelling interest. *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir. 1975). But a Court should restrict the speech of lawyers and

litigants only when the comments in question "pose a serious and imminent threat of interference with the fair administration of justice." *Id.* at 249 (cleaned up); *see also Chase v. Robson*, 434 F.2d 1059, 1061 (7th Cir. 1970) ("We hold that before a trial court can limit defendants' and their attorneys' exercise of first amendment rights of freedom of speech, the record must contain sufficient specific findings by the trial court establishing that defendants' and their attorneys' conduct is 'a serious and imminent threat to the administration of justice.'" (quoting *Craig v. Harney*, 331 U.S. 367, 373 (1947)).

Here, the Court cannot conclude on the record before it that the comments made pose a serious and imminent threat of interference to the administration of justice such that the Court must issue the protective order Mr. Lowe seeks. First, Mr. Lowe has not pointed to any statements made by an attorney who has appeared in either of these matters, and he has not cited authority that the Court can issue a protective order binding an attorney who has not appeared in this case.[2] Second, while he has pointed to extrajudicial statements made by another Party, should this matter proceed to trial, the jurors will be questioned during *voir dire* about their exposure to media coverage, Sheriff Noel's website, and any other source of publicly available information about the allegations. Because the *voir dire* process is sufficient to protect Mr. Lowe's interests at this time, a protective order restricting the Parties' speech is not necessary here. *See Dillinger v. Brandt*, Case No. 1:20-cv-2257-JMS-DLP, 2020 WL 5642192, at *3 (S.D. Ind. Sept. 22, 2020) (denying request for protective order where plaintiff's counsel made a variety of colorful statements about defendants and their counsel via a press conference and comments on her Facebook page, finding

---

[2] Of course, all attorneys licensed in Indiana remain bound by the Indiana Rules of Professional Conduct, which includes expectations regarding extrajudicial statements. *See* Ind. R. Prof. Conduct 3.6 ("Trial Publicity").

that the impact of her comments would be "addressed through a robust *voir dire* process"). For these reasons the Court denies Mr. Lowe's request for a protective order.

### III. CONCLUSION

For the reasons stated herein, Mr. Lowe's Motion for Protective Order is **DENIED**. [Dkts. 40 (4:22-cv-79); 42 (4:22-cv-94).] This denial shall not be construed as limiting any Party's ability to notify the Court in the future should statements be made that pose a serious and imminent threat of interference to the administration of justice, such that it would be proper for the Court to issue a protective order at that time.

**IT IS SO ORDERED.**

Date: 2/9/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAVID LOWE
8299 Hurricane St. SE
Elizabeth, IN 47161

All Electronically Registered Counsel