UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BEATRICE COOMER, TARIN COX, LINDSEY CULVER, BRITTANY DAVEY, TINA EDWARDS, ALISHA GARCIA, BRITTANY GREGORY, DEJONAE HAWKINS, COURTNEY HUFF, ROXANNE HUMPHREY, JESSICA JAGGER, MARY JOHNSON, ASHLEY LAMES, JULIE LAWSON, TABATHA RUDOLPH, ASHLEY SANTIAGO, APRIL SNYDER, AMANDA WATERS, VICTORIA WIMP, and CARRIE WISEMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMIE NOEL in his individual and official capacity as Clark County Sheriff, DAVID LOWE, and UNNAMED OFFICERS OF THE CLARK COUNTY SHERIFF'S DEPARTMENT, in their individual and official capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:22-cv-00079-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTIONS TO DISMISS PLAINTIFFS AND GRANTING MOTION TO CONSOLIDATE**

This matter is before the Court on four Voluntary Motions to Dismiss Certain Plaintiffs Without Prejudice, filed by Plaintiffs Beatrice Coomer, Tarin Cox, Lindsey Culver, Brittany Davey, Tina Edwards, Alisha Garcia, Brittany Gregory, Dejonae Hawkins, Courtney Huff, Roxanne Humphrey, Jessica Jagger, Mary Johnson, Ashley Lames, Julie Lawson, Tabatha Rudolph, Ashley Santiago, April Snyder, Amanda Waters, Victoria Wimp, and Carrie Wiseman (collectively "Plaintiffs"), (Dkts. 37, 48, 56, and 57), and an Unopposed Motion To Consolidate Actions, (Dkt. 62). The Plaintiffs—all female inmates of the Clark County Jail ("the Jail") at the relevant time—initiated this civil rights action arising out of a series of events that occurred at the

Jail in October 2021. Another civil rights action concerning the same events was filed in *Jane Doe 1-8 v. Jamey Noel, David Lowe, and Unknown Jail Officers.*, Case No. 4:22-cv-00094-SEB-KMB (hereinafter "*Doe*, 4:22-94"). For the reasons stated below, the Motions for dismissal of certain Plaintiffs are **denied**, and the Motion to Consolidate is **granted**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiffs' Complaint, beginning in the late evening of October 23 through the morning of October 24, 2021, Defendant David Lowe ("Officer Lowe"), at the time a correctional officer at the Jail, sold a key to the Jail to a male detainee for $1,000.00. Several male detainees used the key to enter the pods housing female detainees, where they allegedly proceeded to rape, assault, harass, and intimidate Plaintiffs. The Plaintiffs sued Clark County Sheriff Jamey Noel ("Sheriff Noel"), Officer Lowe, and Unnamed Officers of the Clark County Sheriff's Department as Defendants. (Dkt. 2.)

The Plaintiffs, 20 women who were incarcerated at the Jail during the events, filed this action on June 21, 2022. *Id*. Plaintiffs in *Doe*, 4:22-94, 8 women who identify themselves as Jane Doe 1 through 8, filed their related Complaint on July 25, 2022. (*See Doe*, 4:22-94, Dkt. 1.)

In his Answer, Sheriff Noel states that he "relies on the provisions of the Prison Litigation Reform Act ["PLRA"] as a complete defense to the Plaintiffs' claims including its exhaustion requirement and its physical injury requirement for seeking emotional or mental damages." (Dkt. 20 at 15.) Because the exhaustion defense must be resolved before reaching the merits of the case, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Magistrate Judge held two telephonic status conferences on September 20, 2022 and December 20, 2022, to discuss preparations for resolving the defense. (Dkt. 25, Dkt. 39.)

On December 19, 2022, Plaintiffs moved to dismiss certain plaintiffs from this case without prejudice, under Federal Rule of Civil Procedure 41(a)(2), stating that certain plaintiffs had not exhausted their administrative requirements on all claims and those plaintiffs would like to cure that deficiency by filing a subsequent amended complaint.[1] (Dkt. 37 at 3.) Plaintiffs then filed an Amended Voluntary Motion to Dismiss Certain Plaintiffs Without Prejudice on January 10, 2023, (Dkt. 48); a Second Amended Voluntary Motion to Dismiss Certain Plaintiffs Without Prejudice on January 24, 2023, (Dkt. 56); and a Third Amended Voluntary Motion to Dismiss Certain Plaintiffs Without Prejudice on February 1, 2023, (Dkt. 57.) The first Amended Motion sought to amend which of the 20 plaintiffs should be dismissed and on what basis, and also clarified that those plaintiffs would be filing a new lawsuit, rather than an amended complaint. (Dkt. 48 at 2.) The subsequent Amended Motions to Dismiss Certain Plaintiffs modified which of the Plaintiffs would need to be dismissed from this case based on counsels' evolving understanding of who was actually incarcerated in the Jail at the time the action was filed. (Dkts. 56 and 57.)

Thereafter, on February 8, 2023, Sheriff Noel filed a Notice of Waiver of the Defense of Exhaustion of Administrative Remedies (Dkt. 63). The Notice specified that Sheriff Noel was waiving his affirmative defense that some of the Plaintiffs in these two cases failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act, but he reserves the other defenses available to him under the PLRA. *Id.* at 1.

## II.    MOTIONS TO DISMISS

Plaintiffs seek dismissal under Federal Rule of Civil Procedure 41(a)(2). (Dkt. 37 at 1; Dkt. 48 at 2 (incorporating prior motion); Dkt. 56 at 1 (same); Dkt. 57 at 1 (same).) Rule 41 titled

---

[1] The PLRA applies to litigants who are incarcerated when their lawsuit is filed. 42 U.S.C. § 1997(e).

"Dismissal of Actions" provides in relevant part that "an *action* may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (Emphasis added.)

Plaintiffs' Motions, Dkts. 37, 48, 56, and 57, must be **denied** because they have been brought under the wrong procedural vehicle. The Seventh Circuit has held that Rule 41(a) can only be used to dismiss a "whole case," not individual claims or parties in a suit, and that the proper vehicle for dismissing individual claims is Rule 15. *Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015) (concluding that district court should not have dismissed claim against one defendant in multi-defendant case under Rule 41(a) but should instead have offered plaintiff opportunity to amend under Rule 15(a), which allows plaintiff to add or drop parties and claims).

Plaintiffs shall have **fifteen (15) days** from the date of this ruling to file an amended complaint naming the parties and claims that will proceed in this action. (*See* Dkt. 43.) Nothing in this Order should be construed as preventing the plaintiffs who sought to be dismissed from this case from filing a new action.

## II.   MOTION TO CONSOLIDATE

Plaintiffs in this action and *Doe*, 4:22-94, have jointly moved to consolidate the two actions. (Dkt. 62.) Neither Sheriff Noel nor Officer Lowe oppose the motion. (Dkt. 62 at 3, ¶ 7, Dkt. 65 at 1.)

Federal Rule of Civil Procedure 42(a)(2) allows the Court to consolidate actions if they "involve a common question of law or fact." Consolidation is permitted as a matter of convenience and economy for both parties and the Court. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999).

Given the factual and legal overlap between the two cases, the Court finds that consolidation is appropriate, and therefore the Motion to Consolidate, (Dkt. 62), is **granted**. Accordingly, the Court **consolidates** the cases as follows:

- Case No. 4:22-cv-00079-TWP-KMB will continue to proceed.

- The **Clerk is directed to** close Case No. 4:22-cv-00094-SEB-KMB. No final judgment will issue in that case.

- Plaintiffs have **fifteen (15) days** to file an amended complaint.

- The **Clerk is directed** to docket a copy of this Order in Case No. 4:22-cv-00094-SEB-KMB.

- All future filings shall be filed under Case No. 4:22-cv-00079-TWP-KMB.

### III.  CONCLUSION

Plaintiffs' Motions to Dismiss Certain Plaintiffs Without Prejudice, Dkts. [37], [48], [56], [57], are **DENIED** because Federal Rule of Civil Procedure 41 applies to dismissal of actions, not claims or parties.  Plaintiffs may dismiss parties in this action by amending their Complaint pursuant to Federal Rule of Civil Procedure 15.

Plaintiffs' Motion to Consolidate this case and Case No. 4:22-cv-00094-SEB-KMB, Dkt. [62], is **GRANTED** as specified in Section III above.

The **Clerk is directed** to update the spelling of Sheriff Noel's first name from "Jamie" to "Jamey."

**SO ORDERED.**

Date:  2/17/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bart M. Betteau
BETTEAU LAW OFFICE
office@betteau.com

William Perry McCall, III
MOSLEY BERTRAND JACOBS & MCCALL
wmpm3@msn.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY LLP (New Albany)
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY LLP (New Albany)
wwood@k-glaw.com

David Lowe
8299 Hurricane Street SE
Elizabeth, Indiana 47161